CHARLES E. WHEELER AND ANOTHER v. M. E. WHEELER AND OTHERS.[1]

December 4, 1931.

No. 28,556.

*Cobb, Hoke, Benson, Krause & Faegre,* for relators.
*Murphy, Johanson & Nelson,* for respondents.

LORING, J.

In a proceeding before the industrial commission the respondents prevailed, and the relators brought the case to this court on a writ of certiorari. The question presented to this court is whether or not Robert Wheeler, son of the respondents, was in the employ of Wheeler & Son at the time of his death. The commission found that he was.

Wheeler & Son were engaged in road construction work in Wilkin county and had occasion to hire a number of teams and drivers

[1] Reported in 239 N. W. 253.

for that purpose. They hired two four-horse teams from the claimant, Charles E. Wheeler, and they themselves testified that they hired Robert Wheeler to drive one of these teams. Charles E. Wheeler was a farmer, and the teams were his farm teams which he hired to Wheeler & Son in the slack season on the farm. The testimony of all the Wheelers is to the effect that they were to pay $5.50 a day for the four-horse teams and that Robert was to have $2.50 a day for his work as teamster and 50 cents extra for doing the cooking. It appears that the owners of the teams were to furnish feed for the teams and board for the men who drove them. The relators claim that the drivers were hired with the teams from the owner of the teams, who was to have $8 a day for teams and driver; and they based this contention upon certain statements which were taken from the members of Wheeler & Son and from Charles E. Wheeler, as well as the books kept by Wheeler & Son.

Robert Wheeler died on July 9, 1930, as the result of an injury sustained in an automobile accident on the evening of July 1, 1930. It appears that on that day one of the members of Wheeler & Son became aware that the feed for Charles E. Wheeler's horses and groceries for the drivers were needed. He requested Robert to take a car and go to his father's house for the purpose of notifying him of the necessity of these supplies. Wheeler & Son promised to compensate Robert for the trip. They said it was a part of their business to notify the team owners of the need of such supplies. It was on the return journey from Charles E. Wheeler's house to the camp that Robert was fatally injured.

The referee to whom the case was presented found in favor of the employer, but upon appeal the industrial commission reversed that finding and made a general finding that Robert was an employe of Wheeler & Son at the time he received the fatal injury; that his weekly wage was $18; and that for a reasonable time immediately prior to his death he had contributed to the support of his father and mother the sum of $7 a week. Accompanying the findings and decisions of the commission was a memorandum by one of them

which indicates that their conclusion that Robert was an employe of Wheeler & Son was based upon the special request that he should take the trip to his father's farm for the purpose indicated rather than upon his general employment as a teamster and cook. Even if this point were controlling (a question we do not decide), we are of the opinion that we are governed by the general finding of the commission. If there is evidence in the record sufficient to sustain that finding, the writ must be discharged. The testimony of the Wheelers clearly made the question of employment one of fact to be determined by the commission, and doubtless the case would not have been brought here if it were not for the memorandum attached to the commission's decision. We hold that a memorandum of the commission may not be resorted to for the purpose of showing that its findings are not based upon a tenable theory. The findings will be sustained when the evidence is sufficient for that purpose. We also hold that there was sufficient evidence in this case to support all the findings, and the writ is discharged.

The respondents are allowed $100 attorney's fees in this court in addition to the costs and disbursements taxable here.